UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON BENNETT,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cv-01377-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Peter James Carr is a prisoner at the Stafford Creek Corrections Center. He is serving a sentence imposed by the King County Superior Court on May 11, 2012, in case number 11-1-06599-1 KNT for one count of child molestation in the first degree and one count of communicating with a minor for immoral purposes. *See* Dkt. 1-1; *State v. Carr*, No. 68815-4-I, 179 Wash.App. 1031, 2014 Wash. App. LEXIS 384 (Wash. Ct. App. 2014).

On August 30, 2024, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his 2012 King County conviction and sentence. Dkt. 1-1. Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

The Court has reviewed the record and the habeas petition and recommends

REPORT AND RECOMMENDATION - 1

DISMISSING the petition without prejudice for lack of jurisdiction because it is an unauthorized second or successive petition. Alternatively, the Court should DISMISS the petition with prejudice as the claim for relief lacks merit. If the Court adopts this recommendation, the Court further recommends Petitioner's motion to waive Magistrates Report and Recommendation,[1] motion to appoint counsel, and motion to certify be stricken as moot. *See* Dkts. 1-4, 1-5, 1-6. Issuance of a certificate of appealability should also be denied.

## DISCUSSION

### A. The Petition

Using a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner challenges the validity of the "life sentence imposed without a final judgment and sentence, now governed by the Parole Board." Dkt. 1-1 at 2. The habeas petition avers Petitioner filed a direct appeal. *Id.* In a decision dated February 18, 2014, the Washington Court of Appeals rejected Petitioner's contentions in his direct appeal that there was insufficient evidence to support his convictions, that the statute governing communicating with a minor for immoral purposes is unconstitutional vague as applied to his conduct, that he received ineffective assistance of counsel, that prosecutorial misconduct denied him a fair trial, that law enforcement officers failed to collect exonerating evidence, that the probable cause determination was improperly made with respect to one of the incidents, that there was a conspiracy between the prosecutor and defense attorney to suppress certain evidence, that jurors approached petitioner's sister and

---

[1] Petitioner's contention that a magistrate judge may not issue a report and recommendation under *Wingo v. Wedding*, 418 U.S. 461 (1974) is meritless. *Wingo* held the Federal Magistrates Act did not authorize a magistrate judge to conduct an evidentiary hearing. The 1976 amendments to the Federal Magistrates Act authorize appointment of magistrate judges to conduct evidentiary hearings and submit proposed findings of fact and recommendations for disposition in federal habeas cases. *See* 28 U.S.C.A. s 636(b)(1)(B) (West Supp.1982). These amendments were intended to overrule *Wingo v. Wedding*. *See U.S. v. Raddittz*, 447 U.S. 667, 676 (1980) ("Congress enacted the present version of § 636(b) as part of the 1976 amendments to the Federal Magistrates Act in response to this Court's decision in *Wingo v. Wedding*").

REPORT AND RECOMMENDATION - 2

mother and spoke with them regarding the deliberation after the verdict, that his *Knapstad*[2] motion was improperly denied, and that the mother of one of the victims testified untruthfully. *See State v. Carr*, No. 68815-4-I, 179 Wash.App. 1031, 2014 Wash. App. LEXIS 384 (Wash. Ct. App. 2014).

The Washington Supreme Court denied Petitioner's petition for review on August 6, 2014. *See State v. Carr*, No. 90268-2, 180 Wn.2d 1031, 2014 Wash. LEXIS 600 (Wash. 2014).

Petitioner indicates that he filed a previous federal habeas petition challenging the same conviction and sentence now before the Court under 28 U.S.C. § 2254 in 2017. Dkt. 1-1 at 3-4; *Carr v. Haynes*, No. C17-01326-RAJ.[3] Petitioner indicates in the instant petition that has not "filed any other petition, application, or motion about the issues raised in this petition." Dkt. 1-1 at 3-4.

In support of the present habeas petition, Petitioner filed a memorandum that raises one ground for relief: "IS FORMER RCW 9.94A.*507 UNCONSTTUTIONAL ON ITS FACE AND OPERATING IN VIOLATION OF MR. CARR'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL?" Dkt. 1-1 at 6; Dkt. 1-3 at 1. Petitioner's memorandum contends Petitioner seeks § 2241 habeas relief and "objects to any recharacterization as a 28 U.S.C. § 2254 petition" citing to *Castro v. United States*, 540 U.S. 375 (2003). Dkt. 1-3 at 1. Petitioner further contends the King County Superior Court sentenced him to an:

> indeterminate life sentence pursuant to former RCW 9.94A.**507**
> Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a)

---

[2] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

[3] The Court notes that the records in Petitioner's 2017 federal habeas action indicate that Petitioner also filed a personal restraint petition (PRP) in state court in 2015 which he pursued to the Washington Supreme Court which denied review on June 12, 2017, and denied a subsequent motion to modify on September 6, 2017. *Carr v. Haynes*, No. C17-01326-RAJ, Dkt. 28. The records show the Court of Appeals issued its certificate of finality in that PRP on September 22, 2017. *Id.* The first federal habeas petition, signed on August 30, 2017, was determined to be timely. *Id.*

REPORT AND RECOMMENDATION - 3

>and (b), which both authorize a board to increase the mandatory minimum term of confinement.
>
>The plain language of former RCW 9.94A.<u>507</u> violates Mr. Carr's Sixth Amendment right to a jury trial as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 90 (2013).
>
>B. Operation of Statue
>Former RCW 9.94A.**507** subjects Mr. <u>Carr</u> to the jurisdiction of a board operating as a parole board, under RCW 9.95.002. However, the legislature intends to conform to the sentencing reform act chapter 9.94A to comply with the ruling in *Blakely* <u>Laws of 2005 chapter 68 section 1</u>.
>
>The sentencing reform act placed meaningful constraints on discretion to sentence offenders within the statutory ranges and eliminated parole *Blakely v. Washington,* 540 U.S. 296, 316 (2004).

Dkt. 1-3 at 2 (memorandum). As relief, Petitioner requests the Court "to make a determination of whether states laws violated federal law and subsequently issue an unconditional writ releasing Carr from custody. Dkt. 1-1 at 7.

  **B.** **§ 2241 versus §2254 Habeas Petitions**

Petitioner asks the Court to find his conviction and sentence invalid, order his release from prison under § 2241, and objects to recharacterizing his petition as brought under §2254 citing *Castro v. U.S.*, 540 U.S. 375. The *Castro* case involved the recharacterization of a federal prisoner's motion regarding a federal conviction as a § 2255 motion. The *Castro* Court directed district courts to provide a federal prisoner notice of intent to recharacterize that includes a warning that any subsequent § 2255 motion will be subject to restrictions on successive motions and allowing the federal prisoner the chance to withdraw the motion. *Id.* at 383-4.

The successive petition concern that *Castro* addressed—that a prisoner might not realize a motion challenging a federal conviction may be construed as a first § 2255 motion—is thus

REPORT AND RECOMMENDATION - 4

inapplicable in this case, as Petitioner has already filed a first habeas petition in this Court. What is applicable to this case is what provision under Title 28 permits Petitioner to challenge his state court conviction and sentence. Any prisoner who is in custody pursuant to and challenges his or her state criminal conviction and sentence is required to seek habeas relief under 28 U.S.C. § 2254, and not 28 U.S.C § 2241. This is because § 2254 is the exclusive means by which a convicted individual may test the legality of his or her state conviction and detention. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White*, 370 F.3d at 1009). In short, as Petitioner is in custody pursuant to and challenges his underlying King County state court judgment and sentence, such relief is available only under § 2254, not § 2241. Because the relief Petitioner requests is unavailable under § 2241, the Court treats the present habeas petition as one seeking § 2254 habeas relief.

C.   **The Petition is an Unauthorized Second or Successive Petition**

28 U.S.C. § 2244 provides, in relevant part:

> (a) *No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus*, except as provided in section 2255.

REPORT AND RECOMMENDATION - 5

>(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>(3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244 (emphasis added).

The record here establishes Petitioner filed a previous § 2254 federal habeas petition challenging the same judgment at issue in this case which was dismissed with prejudice on the merits. *See* 28 U.S.C. § 2244(a). Petitioner acknowledges he previously filed a prior federal habeas petition relating to the same judgment. Dkt. 1-1; *see Carr v. Haynes*, No. C17-01326-RAJ, Dkts. 6, 28, 30. A review of this Court's records confirms Petitioner filed a petition for writ of habeas corpus under § 2254 challenging the judgment and sentence at issue here in 2017. *See Carr v. Haynes*, No. C17-01326-RAJ, Dkts. 6, 28, 30. In the petition Petitioner raised one claim: the sufficiency of the evidence to convict him of first-degree child molestation and communicating with a minor for immoral purposes. *Id.* The petition was denied on the merits and dismissed with prejudice. *Id.*

REPORT AND RECOMMENDATION - 6

|   |   |
|---|---|
| 1 | The Court notes there is no basis to find the claim Petitioner raises in the instant petition was unripe or could not have been adjudicated on the merits in his first habeas petition. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (indicating a petition is second or successive if it raises claims that were or could have been adjudicated on the merits). Accordingly, the Court concludes the petition is a second or successive petition for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). |

The Court notes there is no basis to find the claim Petitioner raises in the instant petition was unripe or could not have been adjudicated on the merits in his first habeas petition. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (indicating a petition is second or successive if it raises claims that were or could have been adjudicated on the merits). Accordingly, the Court concludes the petition is a second or successive petition for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a).

This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that the district court lacked jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition and the Court should DISMISS the petition without prejudice.

### D. The Ground for Relief Lacks Merit

Petitioner contends he received a life sentence under a sentencing statute that violates his Sixth Amendment rights. He contends his sentence is based upon how a "indeterminate life sentence pursuant to RCW 9.94A.507 Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a) and (b), which both authorize a board to increase the mandatory minimum term of confinement."

Under RCW 9.94A.507 (3)(a) and (b) the legislature directed that upon a finding that the offender is subject to a sentencing under this section, the court shall impose a sentence to a maximum term and a minimum term. The maximum term shall consist of the statutory maximum sentence for the offense, which according to Petitioner's pleadings is a term of life in prison. The

REPORT AND RECOMMENDATION - 7

1  Court also notes that under Washington law, child molestation in the first degree is a Class A
2  felony and that class A felonies carry a maximum term of life in prison. *See* RCW 9A.20.021
3  (statutory maximum for class A felony committed after July 1, 1984 is life imprisonment); RCW
4  9A.44.083 (child molestation in the first degree is a class A felony).

5  RCW 9.94A.507(6)(a)[4] states "As part of any sentence under this section, the court shall
6  also require the offender to comply with any conditions imposed by the board under RCW
7  9.95.420 through 9.95.435."

8  Petitioner contends the sentence he received was governed by RCW 9.94A.507 and this
9  statute violates his Sixth Amendment rights under *Apprendi* and *Blakely,* arguing that any
10 sentence above the minimum term of confinement imposed by the sentencing judge requires a
11 jury finding. However, the sentence Petitioner received, a maximum term of life, is the term of
12 imprisonment set by the Washington State legislature. Petitioner's sentence thus does not rely
13 upon facts that require a finding made by a jury under *Apprendi* or *Blakely*, because his sentence
14 falls within the maximum term of imprisonment set by the legislature and which the sentencing
15 judge was required to impose. To the extent Petitioner claims the maximum term he faces is the
16 minimum term of imprisonment which a sentencing judge may set, and that any term above this
17 minimum term violates the Sixth Amendment under *Blakely*, that claim lacks merit. Petitioner
18 was sentenced to a maximum term of life in prison, and thus there is no Sixth Amendment
19 violation.

20 Accordingly, if the Court were to find Petitioner's § 2254 petition is not an unauthorized
21 second or successive petition, it should not be transferred to the Circuit Court for the Ninth
22 Circuit but should be dismissed with prejudice because Petitioner's claim for relief lacks merit.

---

[4] This statute was previously codified as 9.94A.712(6)(a). Laws 2008, ch. 231, § 56.

REPORT AND RECOMMENDATION - 8

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude Petitioner is entitled to relief. Accordingly, the Court recommends a COA not be issued. Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

For the foregoing reasons, Petitioner's § 2254 habeas petition should be DISMISSED without prejudice for lack of jurisdiction. If the Court were to find it has jurisdiction over the petition, the petition should be DISMISSED with prejudice as petitioner's claim for relief lacks merit.[5] In either case, a certificate of appealability should be DENIED. If the Court adopts this recommendation, the Court further recommends Petitioner's motion to waive Magistrates Report, motion to appoint counsel, and motion to certify be STRICKEN as moot. *See* Dkts. 1-4, 1-5, 1-6.

---

[5] The Court also notes the present habeas petition is time barred. Petitioner's state judgment became final in 2017 and because a § 2254 habeas petition must be filed within one year of the date a state judgment becomes final, the present petition is barred by the habeas statute of limitations. *See* 28 U.S.C. § 2244 (d).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 2, 2024.** The Clerk shall note the matter for **October 4, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 18th day of September, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10