1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PETER JAMES CARR,

CASE NO. C24-1377JLR

11

Petitioner,

ORDER

v.

12

JASON BENNETT,

13

Respondent.

14

15

## I.    INTRODUCTION

16

On October 10, 2024, the court adopted in its entirety United States Magistrate

17

Judge Brian A. Tsuchida's report and recommendation regarding *pro se* Petitioner Peter

18

J. Carr's petition for writ of habeas corpus, dismissed Mr. Carr's petition for lack of

19

subject matter jurisdiction, and entered judgment.  (10/10/24 Order (Dkt. # 12); Judgment

20

(Dkt. # 13); R&R (Dkt. # 4); Petition (Dkt. # 1-1).)  On October 23, 2024, Mr. Carr filed

21

a motion for relief from that judgment.  (MFR (Dkt. # 14).)  The court has considered Mr.

22

1  Carr's motion, the relevant portions of the record, and the governing law.  Being fully

2  advised, the court DENIES Mr. Carr's motion for relief from judgment.

## II.    ANALYSIS[1]

4      Mr. Carr moves for relief under Federal Rule of Civil Procedure 60(b)(4), arguing

5  that the judgment in this case is void.  (*See generally* MFR.)  Rule 60(b) "allows a party

6  to seek relief from a final judgment, and request reopening of his case, under a limited set

7  of circumstances[.]"  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b)(4)

8  provides relief from a final judgment if that judgment is void as a matter of law.  Fed. R.

9  Civ. P. 60(b)(4).  "The list of such judgments is 'exceedingly short,' and 'Rule 60(b)(4)

10  applies only in the rare instance where a judgment is premised either on a certain type of

11  jurisdictional error or on a violation of due process that deprives a party of notice or the

12  opportunity to be heard.'"  *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015)

13  (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*,

14  579 U.S. 40 (2016)).

15      Mr. Carr argues that the judgment is void based on "a procedural defect in the

16  denial of a JUDGMENT IN A CIVIL CASE [sic]."  (MFR at 1 (citing *Gonzalez*, 545

17  U.S. at 539 n.1).)  He asserts that the court "violated the Magistrates Act and Habeas

18  Rule 4 and 8(b)" by recharacterizing Petitioner's 28 U.S.C. § 2241 petition as a 28 U.S.C.

19  § 2254 petition, "and applying 28 U.S.C. §2244(b), without notice."  (*Id.*)  Mr. Carr asks

---

[1] Magistrate Judge Tsuchida set forth the factual background of this case in the report and recommendation.  (*See* R&R at 2-4; *see also* 10/10/24 Order (adopting the R&R).)  Therefore, the court does not repeat that background here.

1   the court to void the court's October 10, 2024 order and reopen his habeas case "upon the

2   failure to apply United States Supreme Court precedent in determination of the

3   imposition of 'Life' sentence with no jury determination claim presented in [P]etitioner's

4   28 U.S.C. §2241 [sic]." (*Id.* at 2 (citing *Williams v. Taylor*, 529 U.S. 362 (2000); *Martin*

5   *v. Overton*, 391 F.3d 710 (6th Cir. 2004).)  Mr. Carr's motion does not address the

6   substance or reasoning of the report and recommendation or the standard for granting

7   relief from judgment.  Further, Mr. Carr fails to show that the judgment is void because

8   this court lacked subject matter jurisdiction, lacked jurisdiction over the parties, or acted

9   in a matter inconsistent with due process that deprived a party of notice or the

10  opportunity to be heard.  *Espinosa*, 559 U.S. at 270-71.  Accordingly, Mr. Carr is not

11  entitled to relief under Rule 60(b).

12      Mr. Carr also asserts that the court should issue a certificate of appealability

13  because "[r]easonable jurists agree" that the court incorrectly "recharacterize[ed]

14  [P]etitioner's" 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 petition and erred by

15  "applying 28 U.S.C. §2244(b), without notice."  (MFR at 1-2 (citing cases).)  But the

16  cases that Mr. Carr cites do not demonsrate that "jurists of reason could disagree with the

17  district court's resolution of his constitutional claims or that jurists could conclude the

18  issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

19  *Cockrell*, 537 U.S. 322, 327 (2003); *see also United States v. Winkles*, 795 F.3d 1134,

20  1143 (9th Cir. 2015) (applying standard to denial of a Rule 60(b) motion).  Mr. Carr

21  therefore is not entitled to a certificate of appealability.

22  *//*

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Carr's motion for relief from judgment (Dkt. # 14) and DENIES his request for a certificate of appealability.

Dated this 28th day of October, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 4