UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR,<br><br>                Petitioner,<br>    v.<br><br>JASON BENNETT,<br><br>                Respondent. | CASE NO. C24-1377JLR<br><br>ORDER |

## I.    INTRODUCTION

On October 10, 2024, the court adopted in its entirety United States Magistrate Judge Brian A. Tsuchida's report and recommendation regarding *pro se* Petitioner Peter J. Carr's petition for writ of habeas corpus, dismissed Mr. Carr's petition for lack of subject matter jurisdiction, and entered judgment. (10/10/24 Order (Dkt. # 12); Judgment (Dkt. # 13); R&R (Dkt. # 4); Petition (Dkt. # 1-1).) On October 23, 2024, Mr. Carr filed a motion for relief from that judgment, which the court subsequently denied. (MFR (Dkt. # 14); 10/28/24 Order (Dkt. # 15).) On October 29, 2024, Mr. Carr filed a second motion

ORDER - 1

for relief from judgment, making most of the same arguments he made in his first motion for relief. (*Compare* 2d MFR (Dkt. # 16) *with* MFR.) On November 6, 2024, Mr. Carr filed third and fourth motions for relief from judgment, which appear to be nearly identical to his second motion for relief. (*Compare* 3d MFR (Dkt. # 17) *and* 4th MFR (Dkt. # 18) *with* 2d MFR.) On that same day, Mr. Carr also filed a motion for reconsideration and a proposed motion requesting judicial notice. (Mot. Reconsider. (Dkt. # 19); Prop. Mot. (Dkt. # 20).) The court has considered Mr. Carr's motions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Carr's motions.

## II.     ANALYSIS[1]

Mr. Carr again moves for relief under Federal Rule of Civil Procedure 60(b)(4), arguing that the judgment in this case is void. (*See generally* 2d MFR; 3d MFR; 4th MFR.) As the court explained in its October 28, 2024 order, Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(4) provides relief from a final judgment if that judgment is void as a matter of law. Fed. R. Civ. P. 60(b)(4). "The list of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

---

[1] Magistrate Judge Tsuchida set forth the factual background of this case in the report and recommendation. (*See* R&R at 2-4; *see also* 10/10/24 Order (adopting the R&R).) Therefore, the court does not repeat that background here.

ORDER - 2

opportunity to be heard.'" *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016)).

Mr. Carr argues that the judgment is void based on "a procedural defect in the procurement of the judgment in a civil case." (2d MFR at 1 (citing *Gonzalez*, 545 U.S. at 539 n.1); 3d MFR at 1; 4th MFR at 1.) Mr. Carr asserts that the "District Court failed to apply the successive analysis set forth in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068 (1963)[.]" (2d MFR at 1; 3d MFR at 1; 4th MFR at 1.) He again asks the court to void the court's October 10, 2024 order and reopen his habeas case based "on the failure to apply United States Supreme Court precedent in determination of the Sixth Amendment - imposition of 'Life' sentence without a jury determination, claim in [Petitioner's] 28 U.S.C. section 2241 petition [sic]." (2d MFR at 2 (citing *Williams v. Taylor*, 529 U.S. 362 (2000); 3d MFR at 2; 4th MFR at 2.) Like his first motion for relief from judgment, Mr. Carr's second, third, and fourth motions for relief also do not address the substance or reasoning of the report and recommendation or the standard for granting relief from judgment. Further, Mr. Carr fails to show that the judgment is void because this court lacked subject matter jurisdiction, lacked jurisdiction over the parties, or acted in a matter inconsistent with due process that deprived a party of notice or the opportunity to be heard. *Espinosa*, 559 U.S. at 270-71. Accordingly, Mr. Carr is not entitled to relief under Rule 60(b).

Mr. Carr also moves the court to reconsider its October 28, 2024 order for "failure to apply United States Supreme Court precedent in determination of the Fourth

Amendment – unlawful seizure claim in his" § 2241 petition and for improperly "recharacterizing" his § 2241 petition as a § 2254 petition. (Mot. Reconsider at 1, 3 (citations omitted).)[2] A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly" and the movant bears a "heavy burden." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Here, Mr. Carr does not show any "manifest error" in the court's October 28, 2024 ruling, nor does he plead any "new facts or legal authority" sufficient to change the court's analysis. Accordingly, Mr. Carr has not met his "heavy burden" to justify reconsideration of the court's October 28, 2024 order. *See Kona Enters., Inc.*, 229 F.3d at 890.

Finally, Mr. Carr again asks the court to issue a certificate of appealability. (2d MFR at 2 (citing *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); 3d MFR at 2; 4th MFR at 2; Mot. Reconsider at 4.) He has not, however, demonstrated that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

---

[2] Mr. Carr also asks the court to "conduct [a] jurisdictional analysis" pursuant to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). (Mot. Reconsider at 3; *see also id.* at 2.) That case concerned questions of standing and therefore is not relevant here. *See Steel Co.*, 523 U.S. at 86 (stating that the case "present[ed] the jurisdictional question whether respondent, plaintiff below, has standing to bring this action.").

proceed further."[3] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015) (applying standard to denial of a Rule 60(b) motion). Mr. Carr therefore is not entitled to a certificate of appealability.

### III.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Carr's second, third, and fourth motions for relief from judgment (Dkt. ## 16, 17, 18), DENIES his motion for reconsideration (Dkt. # 19), and DENIES his request for a certificate of appealability. The court DENIES his proposed motion requesting judicial notice (Dkt. # 20) as moot. The Clerk is DIRECTED not to calendar any additional motions for relief from judgment filed in this closed case.

Dated this 13th day of November, 2024.

JAMES L. ROBART
United States District Judge

---

[3] Mr. Carr's motion for reconsideration cites several cases purportedly showing that "reasonable jurists agree" that the court improperly recharacterized his § 2241 petition as a § 2254 petition. (*See* Mot. Reconsider at 1-2 (citing cases).) None of the cases Mr. Carr cites, however, support this assertion.